UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THURMAN JEROME BROWN<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES SUPREME COURT, *et al.*,<br><br>    Defendants. | Civil Action No. 22-2042 (CKK) |

MEMORANDUM OPINION
(November 30, 2022)

    This matter is before the Court on Plaintiff's [5] Motion for Reconsideration. On August 5, 2022, the Court entered an order dismissing Plaintiff's complaint for failure to include a plain statement of claim showing Plaintiff is entitled to relief. In the [5] Motion, Plaintiff represents that the Clerk of Court made a clerical error in failing to append a promised attachment which, he says, would have served as his statement of claim. Upon the Court's own review of Plaintiff's proposed filing, the Court still concludes that it still fails to comply with Fed. R. Civ. P. 8(a)'s requirement that a plaintiff include facts sufficient to show that they are entitled to relief.

    As the Court previously explained, Plaintiff requests declaratory relief ordering the Supreme Court of the United States to "restor[e] the 13th Amendment to its original intent, an order invalidating and emancipating all class members of their slave status who were re-prosecuted under this judicial scheme," and $1,000,000,000 in damages "for actual slave labor." ECF No. 1 at 4. Plaintiff appears to be unhappy with the Supreme Court of the United States' decision to deny *certiorari* after Plaintiff appealed his New York state criminal conviction to the Supreme Court. ECF No. 14-15. He also sued the New York state judiciary and the "People of

1

the State of New York" (presumably, New York state prosecutors) for, apparently, failing to comply with New York state law on sealing criminal cases and convictions.  *Id.* at 17.

As an initial matter, "Plaintiff [] has failed to set forth a basis for this [C]ourt's subject matter jurisdiction or venue."  Mem. Op. at 2, ECF No. 3, *Reyna v. Wisconsin*, 22-3231 (UNA) (D.D.C. Nov. 28, 2022) (JEB) (slip op.) (dismissing complaint *sua sponte* on Rule 8 grounds). As an instrument of the Government of the United States and a federal court, the Supreme Court of the United States is immune from suit under the doctrines of both sovereign and judicial immunity.  *See Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42-43 (D.D.C. 2012) (JDB).  In other words, this Court, a federal district court inferior United States Courts of Appeals, lacks the jurisdiction to review the decisions of the Supreme Court of the United States.  *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011).  To the extent that Plaintiff intends the Court to interfere in New York state prosecutions, Plaintiff fails to explain how intervention would not run afoul of the Supreme Court's consistent doctrine of equitable restraint articulated in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny.  Nor does Plaintiff have standing to meddle in the criminal prosecutions of others.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Finally, Plaintiff fails to explain why venue in an action against New York state is at all appropriate in the District of Columbia.

In sum, because Plaintiff cannot establish at least "some prospect of proceeding on the merits," the Court must deny Plaintiff's [5] Motion for Reconsideration.  *See Thomas v. Holder*,

\#

\#

\#

750 F.3d 899, 903 (D.C. Cir. 2014). An appropriate order accompanies this Memorandum Opinion.

**Dated**: August 5, 2022

                                                         /s/  
                                         COLLEEN KOLLAR-KOTELLY  
                                         United States District Judge